UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Interactive Solutions Group, Inc., a
Michigan corporation,

    Plaintiff,

v.                                                                                          Honorable Sean F. Cox

Autozone Parts, Inc., a Nevada corporation,            Case No. 11-13182

    Defendant.
_____/

**OPINION & ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

    This matter is currently before the Court on Defendant's Motion for Partial Dismissal of Plaintiff's Amended Complaint. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons set forth below, the Court shall DENY THE MOTION IN PART AND GRANT THE MOTION IN PART. The Court shall grant the motion to the extent that it shall dismiss Plaintiff's conversion claim and shall deny the motion in all other respects.

**BACKGROUND**

    On July 22, 2011, Plaintiff Interactive Solutions Group, Inc. ("Plaintiff" or "Interactive") filed this action against Defendants Autozone Parts, Inc. ("Autozone") and Hexaware, Inc. ("Hexaware"). The original complaint asserted the following claims: "Breach of Contract"

1

(Count I); "Misappropriation of Trade Secrets" (Count II); "Fraud" (Count III); "Tortious Interference with Contracts" (Count IV); "Tortious Interference with Business Relationships" (Count V); and "Civil Conspiracy" (Count VI).

On August 19, 2011, Defendant Autozone filed a Motion to Dismiss. (Docket Entry No. 7). In that motion, Autozone sought dismissal of the trade secrets, fraud, and civil conspiracy claims asserted against it.

On September 8, 2011, Plaintiff's claims against Hexaware, Inc. were voluntarily dismissed. (Docket Entry No. 14). Thus, Autozone is now the only Defendant.

Plaintiff's First Amended Complaint was filed on September 8, 2011, and it asserts the following claims against Defendant Autozone: "Breach of Contract" (Count I); "Misappropriation of Trade Secrets" (Count II); and "Common Law Conversion" (Count III).

On September 23, 2011, Autozone withdrew its August 19, 2011 Motion to Dismiss. (*See* Docket Entry No. 17).

On October 20, 2011, Defendant Autozone filed the instant Motion for Partial Dismissal of Plaintiff's Amended Complaint that challenges two of the three counts asserted against it. (Docket Entry No. 20). Defendant brings the instant motion pursuant to Fed. R. Civ. P. 12(b)(6).

**STANDARD OF DECISION**

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all the well-pleaded factual allegations as true. *Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,

1948 (2009). Although a heightened fact pleading of specifics is not required, the plaintiff must bring forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

## ANALYSIS

In the pending motion, Defendant seeks dismissal of Plaintiff's: 1) trade secrets misappropriation claim (Count II of Plaintiff's First Amended Complaint); and 2) common law conversion claim (Count III of Plaintiff's First Amended Complaint.).

**A.      Should Plaintiff's Trade Secrets Claim Be Dismissed For Failure To Plead Plaintiff's Alleged Trade Secrets With Sufficient Specificity?**

Defendant's first argument is that the Court should dismiss Plaintiff's trade secret misappropriation claim because Plaintiff has not pleaded its alleged trade secrets with sufficient particularity. In support of that argument, Defendant cites *Dura Global Techs., Inc. v. Magna Donnelly Corp.*, 2008 WL 2064516 (E.D. Mich. 2008) for the proposition that a party alleging trade secret misappropriation must identify its trade secret "clearly, unambiguously, and with specificity" and that the alleged trade secret must be described with adequate specificity to inform the defendants what it is alleged to have misappropriated. (Def.'s Br. at 9).

Defendant also relies *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1266 (7th Cir. 1992) and two unpublished district court decisions from outside the Sixth Circuit, *Carpenter v. Aspen Search Advisers, LLC*, 2011 WL 1297733 (N.D. Ill. April 5, 2011) and *Thermal Zone Products Corp. v. Echo Eng'g Ltd.*, 1993 WL 358148 (N.D. Ill. 1993).

In response, Plaintiff contends that while it will have to identify its alleged trade secrets

3

"clearly, unambiguously, and with specificity" in order to *prove* a trade secrets misappropriation claim, that is simply not the standard required to *plead* such a claim. (Pl.'s Br. at 5). Citing *Dow Corning Corp. v. RSI Silicon Products, LLC*, 2010 LEXIS 120391 (E.D. Mich. Nov. 15, 2010), Plaintiff contends that "Michigan's Uniform Trade Secrets Act provides broad protection for trade secrets, and sets a relatively low bar for pleading misappropriation." (Pl.'s Br. at 7). Plaintiff contends that, consistent with that standard, district courts within the Eastern District of Michigan have not required the specificity sought by Defendant at the pleading stage. (*Id.*) (Citing *Compuware Corp. v. Inter. Bus. Machines*, 259 F.Supp.2d 597, 605 (E.D. Mich., J. Steeh 2002)).

The Court shall deny Defendant's request to dismiss Plaintiff's trade secrets claim for insufficient specificity. Defendant has not provided any Sixth Circuit authority, or any authority from district courts within the Sixth Circuit, to support its request.

The *Dura* opinion cited by Defendant does not support its request. That opinion did not involve a motion seeking to dismiss a trade secret misappropriation claim for failure to plead the alleged trade secret with sufficient specificity. Rather, the defendant sought to dismiss the trade secret count as a discovery sanction for the plaintiff failing to comply with discovery orders issued by the Court, requiring the plaintiff to file a list of its trade secrets with the Court, under seal.

Similarly, *Composite Marine Propellers, Inc.* does not support Defendant's request because that was not a motion to dismiss a trade secrets claim for failure to plead the alleged trade secrets with sufficient particularity. Rather, the Seventh Circuit discussed the need for the plaintiff to establish concrete trade secrets in the context of reviewing a *jury verdict*.

Finally, Defendant relies on two unpublished district court opinions wherein a court has dismissed a plaintiff's trade secret misappropriation claim at the pleading stage. Those decisions are not persuasive. First, the decisions are unpublished and are from district courts outside the Sixth Circuit. Those decisions also relied on *Composite Marine Propellers, Inc*. for the proposition that a plaintiff must specify its alleged trade secrets with specificity but, as stated above, that case looked at the specificity that must be established at trial – not at the pleading stage.

The Court finds the approach taken by Judge Steeh in *Compuware* to be the proper course of action when a defendant seeks to dismiss a trade secrets claim for failure to plead the alleged trade secrets with sufficient specificity. *See Compuware, supra*, (attached as Ex. 4 to Pl.'s Br.). In that case, the court denied the defendant's motion to dismiss, explaining that "[w]hile Compuware has not identified the trade secrets 'clearly, unambiguously, and with specificity,' such is not necessary at the pleading stage. The court finds that Compuware's allegations give adequate notice of its cause of action to IBM. Any further specificity by IBM can be achieved through discovery." *Id*. at * 19; *see also SBM Site Svs., LLC v. Garrett,* 2012 WL 628619 (D. Colo. Feb. 27, 2012) (Denying motion to dismiss trade secret claim, explaining that there is no heightened pleading standard for trade secret claims).

Accordingly, the Court shall deny Defendant's motion to dismiss Plaintiff's trade secrets claim.

**B.	Should Count III Be Dismissed As A Matter Of Law Because The MUTSA Displaces It?**

Defendant makes two arguments in asking the Court to dismiss Plaintiff's common law conversion claim (Count III). First, Defendant contends the claim must be dismissed because Michigan's Uniform Trade Secrets Act displaces it. Alternatively, Defendant contends that the claim must be dismissed because the property at issue here is intangible property that cannot be converted under Michigan law.

The Court agrees that Plaintiff's conversion claim must be dismissed because it is displaced by Michigan's Uniform Trade Secrets Act.

Michigan's Uniform Trade Secrets Act, MICH. COMP. LAWS § 445.1093 *et seq.* (The "MUTSA") provides a statutory cause of action and available remedies for the misappropriation of trade secrets.

By its terms, the MUTSA "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." MICH. COMP. LAWS § 445.1908(1). The MUTSA does not affect "[c]ontractual remedies, whether or not based upon misappropriation of trade secret," "[o]ther civil remedies that are not based upon misappropriation of a trade secret," or criminal remedies. MICH. COMP. LAWS § 445.1908(2).

"In the civil context, conversion is defined," under Michigan law, "as any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *Foremost Ins. Co. v. Allstate Ins. Co.*, 439 Mich. 378, 391 (1992).

Here, Plaintiff's First Amended Complaint asserts a common law conversion claim against Defendant (Count III), wherein Plaintiff alleges:

> 58. Plaintiff realleges and incorporates all allegations set forth herein.
> 59. Defendant AutoZone willfully made Plaintiff's Trade Secrets and Interactive Computer Products available to Hexaware.

60. Defendant AutoZone willfully used Plaintiff's Trade Secrets and Interactive Computer Products outside the scope of and in violation of the licensing agreements and amendments between Defendant and Plaintiff.
61. Defendant AutoZone willfully continued to use and access Plaintiff's Trade Secrets and Interactive Computer Products after termination and/or breach of the licensing agreements and amendments between Plaintiff and Defendant.
62. Defendant AutoZone willfully took action to impermissible re-create, reverse engineer, and discover Plaintiff's Trade Secrets and Interactive Computer Products.
63. Defendant AutoZone's actions constituted an exertion of wrongful domain and/or distinct acts in denial of and inconsistent with Plaintiff's ownership rights of Plaintiff's Trade Secrets and Interactive Computer Products.

(Pl.'s First Am. Compl. at 11). Thus, the property that is the subject of Plaintiff's conversion claim is Plaintiff's "Trade Secrets and Interactive Computer Products."

To the extent that Plaintiff's conversion claim is based upon Defendant's alleged conversion of Plaintiff's trade secrets, the claim is clearly displaced by the MUTSA. The question is whether or not the claim, absent the trade secret allegations, is displaced.

As this Court has previously recognized, *Bliss* was the first case to interpret the displacement provision of the MUTSA. *Dura Global Techs., Inc. v. Magna Donnelly Corp.*, 2009 WL 3032594 (E.D. Mich. 2009) (citing *Bliss Clearing Niagara, Inc. v. Midwest Brake Bond Co.*, 270 F.Supp.2d at 946)). In doing so, the *Bliss* court reviewed decisions from numerous other courts that had dealt with similar displacement provisions in other uniform trade secrets acts. It noted that "[i]n determining whether a claim is displaced, courts generally examine whether the claim is based solely upon the misappropriation of a trade secret. If so, the claim must be dismissed." *Bliss*, 270 F.Supp.2d at 946. In other words, in applying the displacement provision, the issue is not what label the plaintiff puts on the claim at issue. Rather, the court must look beyond the label to the facts being asserted in support of that claim.

7

*Id*. at 947. A plaintiff may not rely on acts that constitute trade secret misappropriation to support other causes of action. *Id.*

Defendant argues that the fact that Plaintiff also included the words "Interactive Computer Products" in its conversion claim "does not provide a non-trade secret basis for the conversion claim because, like the computer hardware noted in *Bliss*, 'these items have no value apart from the confidential information they contained." (Def.'s Br. at 14). The Court agrees.

In *Bliss,* the plaintiff asserted a conversion claim that centered on the defendant's alleged unauthorized use of the plaintiff's trade secrets. Although the plaintiff's complaint contained allegations regarding the defendant's alleged wrongful retention of some of the plaintiff's physical property (blueprints and drawings) and intangible property, the court concluded the claim was displaced because, like the situation in *Thomas & Betts Corp*., those items have little value apart from the confidential information they contain. *Bliss*, 270 F.Supp.2d at 950-51; *Thomas & Betts Corp*., 108 F.Supp.2d 968, 973 (N.D. Ill. 2000).

Here too, Plaintiff asserts that Defendant wrongfully retained its computer products but the true substance of the claim is that Defendant misappropriated Plaintiff's trade secrets. The computer products are not alleged to have value apart from the confidential information on them. Accordingly, the Court shall dismiss Plaintiff's conversion claim as displaced by the MUTSA.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion for Partial Dismissal is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED to the extent that Plaintiff's conversion claim is DISMISSED. The motion is DENIED in all other respects.

                                            <u>S/Sean F. Cox</u>
                                            Sean F. Cox
                                            United States District Judge

Dated: April 16, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 16, 2012, by electronic and/or ordinary mail.

                                            <u>S/Jennifer Hernandez</u>
                                            Case Manager